Alex Beroukhim (SBN 220722)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
alex.beroukhim@arnoldporter.com

Tommy Huynh (SBN 306222)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
tommy.huynh@arnoldporter.com

*Attorneys for Defendant Sanofi-Aventis U.S. LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA GOLDEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SANOFI-AVENTIS U.S., LLC; BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.; GLAXOSMITHKLINE, LLC; PFIZER INC.; CVS PHARMACY, INC.; THE KROGER CO.; WALGREEN CO.; WALMART INC.; ALBERTSONS COMPANIES, INC.; RITE AID CORPORATION; AXMINSTER MEDICAL GROUP, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:22-cv-05296<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446** |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Sanofi-Aventis U.S. LLC, Boehringer Ingelheim Pharmaceuticals, Inc., GlaxoSmithKline LLC, Pfizer Inc., CVS Pharmacy, Inc., The Kroger Co., Walgreen Co., Walmart Inc., Albertsons Companies, Inc., and Rite Aid Corporation (collectively, the "Removing Defendants") hereby give notice of removal of this action, *Golden v. Sanofi-Aventis, U.S., LLC*, No. 21STCV41533 ("*Golden II*"), from the Superior Court of California for the County of Los Angeles—Central District. As grounds for removal, the Removing Defendants state as follows:

## INTRODUCTION

1. This action is the latest attempt by Plaintiff to avert federal jurisdiction. On April 19, 2021, Plaintiff filed a complaint against various brand-name manufacturers, generic manufacturers, and retailers of Zantac (ranitidine), alleging that her use of the drug from the mid-1980s to 2017 caused her to develop breast cancer in 2014. Because the parties were completely diverse, the defendants timely removed the action to this Court.

2. Plaintiff then amended her complaint to add a medical malpractice claim against non-diverse defendant Axminster Medical Group, Inc. and moved to remand the case. In opposing remand, the defendants argued that diversity jurisdiction should be evaluated at the time of removal and that, in any event, Axminster was fraudulently joined. Without deciding the merits of the remand motion, Judge Wilson denied it, allowing the case to be transferred to the Zantac multidistrict litigation ("MDL"). In doing so, he concluded "that the risk of inconsistent adjudication and judicial economy outweighs any potential prejudice to plaintiffs." *See* Order Denying Motion to Remand, *Golden v. Sanofi-Aventis U.S., LLC ("Golden I")*, No. 2:21-03793 (C.D. Cal. July 29, 2021) (ECF No. 31).

3. Rather than renew her remand motion in the Zantac MDL, Plaintiff voluntarily dismissed the case and re-filed the Complaint (attached as **Exhibit A**).

Plaintiff's gamesmanship does not change the fact that Axminster is fraudulently joined, and the Court has diversity jurisdiction over this case.

4. The Court should disregard the citizenship of Axminster as fraudulently joined, because Plaintiff cannot state a medical malpractice claim against Axminster. Under California law, a medical malpractice claim must be brought within three years of the date of the injury, regardless of when the injury was discovered. *See* Cal. Code Civ. P. § 340.5. Here, Plaintiff alleges that her medical treatment at Axminster twenty years ago, when a doctor first recommended that she take Zantac/ranitidine, caused her to develop breast cancer in 2014. *See* Compl. ¶¶ 8, 58–60, 205. As such, Plaintiff's medical malpractice claim against Axminster—filed some **seven years** after her cancer diagnosis—is untimely.

## VENUE AND JURISDICTION

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, 1441(a), and 1446(a), because the Superior Court of the State of California for the County of Los Angeles—Central District, where the Complaint was filed, is a state court within the Western Division of the Central District of California.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because (1) there is complete diversity between Plaintiff and all properly joined Defendants; (2) the amount-in-controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## BASIS OF REMOVAL

**I. There Is Complete Diversity of Citizenship Between Plaintiff and the Properly Joined Defendants.**

7. There is complete diversity of citizenship here because Plaintiff is a California citizen, and all properly joined Defendants are citizens of states other than California.

8. Plaintiff is a citizen of California. Compl. ¶ 5.

9. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A limited liability company "is a citizen of every state in which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

10. Defendant Sanofi-Aventis U.S. LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Bridgewater, New Jersey. The sole member of Sanofi-Aventis U.S. LLC is Sanofi US Services Inc., a Delaware corporation with its principal place of business in New Jersey. Compl. ¶ 15. Sanofi-Aventis U.S. LLC is, therefore, a citizen of Delaware and New Jersey. *Id.*

11. Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut. *Id.* ¶ 20. Boehringer Ingelheim Pharmaceuticals, Inc. is, therefore, a citizen of Delaware and Connecticut. *Id.*

12. Defendant GlaxoSmithKline LLC is a limited liability company organized under the laws of Delaware. Its sole member is GlaxoSmithKline Holdings (America) Inc., a corporation organized under the laws of Delaware with its principal place of business in Wilmington, Delaware. *Id.* ¶ 26. GlaxoSmithKline LLC is, therefore, a citizen of Delaware. *Id.*

13. Defendant Pfizer Inc. is a corporation organized under the laws of Delaware with its principal place of business in New York, New York. *Id.* ¶ 31. Pfizer Inc. is, therefore, a citizen of Delaware and New York. *Id.*

14. Defendant CVS Pharmacy, Inc. is a Delaware corporation with its principal place of business in Woonsocket, Rhode Island. *Id.* ¶ 32. Defendant CVS Pharmacy, Inc. is, therefore, a citizen of Delaware and Rhode Island. *Id.*

15. Defendant The Kroger Co. is an Ohio corporation with its principal place of business in Cincinnati, Ohio. *Id.* ¶ 39. The Kroger Co. is, therefore, a citizen of Ohio. *Id.*

16. Defendant Walgreen Co. is a Delaware corporation with its principal place of business in Deerfield, Illinois. *Id.* ¶ 44. Walgreen Co. is, therefore, a citizen of Delaware and Illinois. *Id.*

17. Defendant Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas. *Id.* ¶ 49. Walmart Inc. is, therefore, a citizen of Delaware and Arkansas. *Id.*

18. Defendant Albertsons Companies, Inc. is a Delaware corporation with its principal place of business in McCall, Idaho. *Id.* ¶ 51. Albertsons Companies, Inc. is, therefore, a citizen of Delaware and Idaho. *Id.*

19. Defendant Rite Aid Corporation is a Delaware corporation with its principal place of business in Camp Hill, Pennsylvania. *Id.* ¶ 55. Rite Aid Corporation is, therefore, a citizen of Delaware and Pennsylvania. *Id.*

20. Defendants "Does 1-10, inclusive" are disregarded when assessing the diversity of citizenship of the parties for removal. *See* 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded"); *see also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

21. Because Plaintiff is a citizen of California and the properly joined Defendants are citizens of states other than California, complete diversity of citizenship exists between Plaintiff and all properly joined Defendants. *See* 28 U.S.C. § 1332(a).

**II.     The Citizenship of Axminster Should Be Disregarded Because It Is Fraudulently Joined.**

22.    A trial court should look with particular care at a plaintiff's motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and require a remand to the state court. *See, e.g.*, *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375-76 (9th Cir. 1980); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087 (C.D. Cal. 1999).

23.    Axminster is fraudulently joined because, on the face of the Complaint, Plaintiff's medical malpractice claim is barred by the statute of limitations.

24.    A defendant is fraudulently joined, and its citizenship can be ignored for establishing diversity jurisdiction, where no viable cause of action has been stated against it. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (explaining that a defendant is fraudulently joined "[i]f the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state" (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (same).

25.    California Code of Civil Procedure § 340.5 requires a medical malpractice claim to be brought within "three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." As California courts have explained, § 340.5 "includes two prescriptive periods . . . . [I]f a malpractice litigant brings her action within three years from the date of the injury she must still satisfy the one-year limitations . . . . [I]f the action is properly brought within one year of reasonable discovery, the action is nevertheless barred if the three-year period is not also satisfied." *Hills v. Aronsohn*, 152 Cal. App. 3d 753, 758–59 (1984); *see also id.* at 761 ("[S]ection 340.5 now places an outer limit which terminates all malpractice liability once three years have passed from the date of the injury."); *Chosak v.*

*Alameda Cty. Med. Ctr.*, 153 Cal. App. 4th 549, 563–64 (2007) (explaining that "regardless of the date of discovery," the California legislature has capped the statute of limitations on medical malpractice claims at three years).

26. Courts routinely find fraudulent joinder of physicians in product liability cases based on the expiration of the statute of limitations for medical malpractice claims. For example, in the diet drugs litigation, the plaintiff began experiencing shortness of breath and other "physical manifestations of her injury" in January 2010 and consulted with a doctor. *See In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 2014 WL 1904038, at *2–3 (E.D. Pa. May 12, 2014) (applying California law). She was formally diagnosed with primary pulmonary hypertension in July 2012, but did not file her lawsuit "until well after January, 2013." *Id.* at *2. The court concluded that the plaintiff's claim accrued in January 2010 (rather than at diagnosis) for purposes of § 340.5's three-year limitations period. *Id.* at *3. The medical malpractice claim was therefore untimely, and the court deemed the doctor fraudulently joined. *See id.*; *cf. Herriott v. sanofiaventis U.S., LLC*, 2017 WL 6940521, at *2 (C.D. Cal. Nov. 20, 2017) (fraudulent joinder affirmed where medical malpractice claim was brought more than one year after reasonable discovery of the injury), *aff'd*, 776 F. App'x 448 (9th Cir. 2019); *Hernandez v. Baxter Healthcare Corp.*, 2015 WL 5031960, at *2 (C.D. Cal. Aug. 25, 2015) (finding fraudulent joinder of defendant doctors based on § 340.5's discovery rule).

27. Here, Plaintiff's claim against Axminster is foreclosed by § 340.5's outer three-year limit on medical malpractice claims. The Complaint alleges that Plaintiff received medical care at Axminster in the 1980s and early 1990s, and that during the course of that treatment, one or more doctor recommended that she take Zantac/ranitidine. *See* Compl. ¶¶ 58–60. The Complaint further alleges that her Zantac/ranitidine use—and care at Axminster—led to her breast cancer diagnosis in 2014. *See id.* ¶¶ 8, 205. Any medical malpractice claim against Axminster therefore

accrued, at the latest, in 2014. Because Plaintiff waited until November 2021—***seven years*** after her cancer diagnosis—to file this medical malpractice claim, the medical malpractice claim is time-barred. Axminster is fraudulently joined and this Court should disregard its citizenship.

**III.   The Amount-in-Controversy Exceeds $75,000.**

28.   Plaintiff's claims also satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

29.   California Code of Civil Procedure § 425.10(b) prevents a plaintiff from stating a specific damage claim in a personal injury action.

30.   Where a complaint does not allege a specific amount of damages, "the Court must first consider 'whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.'" *Mobasser v. Travelers Cas. Ins. Co. of Am.*, No. 13-CV-02567-DMG-CW, 2013 WL 12142942, at *2 (C.D. Cal. June 13, 2013) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)); *see also Campbell v. Bridgestone/Firestone, Inc.*, No. 05-CV-01499-FVS-DLB, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006) (apparent from complaint that amount-in-controversy was met where plaintiffs asserted strict products liability, negligence, and breach of warranty claims against multiple defendants and sought compensatory damages, hospital and medical expenses, general damages, and loss of earning capacity).

31.   Courts regularly find that the amount-in-controversy requirement has been satisfied where, as here, a plaintiff alleges serious bodily injury. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296-97 (S.D.N.Y. 2001). Moreover, California courts have awarded compensatory and punitive damages in excess of $75,000 in products liability cases where such injuries are alleged. *See, e.g.*, *Karlsson v. Ford Motor Co.*, 45 Cal. Rptr. 3d 265, 268 (Ct. App. 2006); *Jones v. John Crane, Inc.*, 35 Cal. Rptr. 3d 144, 148-49 (Ct. App. 2005).

32. Here, Plaintiff alleges that as a result of her use of Zantac/ranitidine, she "experienced conscious pain and suffering and bodily impairment, including, but not limited to breast cancer." Compl. ¶ 10. Plaintiff alleges that she "required hospitalizations, in-patient surgeries, and other medical treatment." *Id.* Plaintiff also alleges that she "suffered special damages including, but not limited to, medical expenses and loss of earnings" and "general damages including, but not limited to, pain and suffering, mental anguish, and loss of enjoyment of life." *Id.* ¶ 11. Plaintiff further seeks attorney's fees and punitive damages. *Id.*, Prayer for Relief. Courts have found that allegations of serious injury in product liability actions, including allegations of cancer like those Plaintiff makes here, support an inference that the amount-in-controversy requirement has been met. Indeed, in another Zantac case in which the plaintiff claimed kidney cancer as an injury, a federal court in the District of Nevada recently denied a motion to remand where the amount in controversy was not alleged, finding that the requirement was satisfied on the face of the complaint by the nature of the injury. *See Brooks v. Sanofi S.A.*, No. 20-CV-565, 2020 WL 1847682 (D. Nev. Apr. 13, 2020).

33. Finally, in the hundreds of personal injury cases pending in the Zantac MDL, each plaintiff either expressly claims damages in excess of $75,000 or has impliedly done so by filing a lawsuit in federal court and invoking federal diversity jurisdiction. Numerous plaintiffs in these cases allege that they have been diagnosed with breast cancer, the same type of cancer that Plaintiff here claims. *See, e.g.*, *Woodman v. Sanofi S.A.*, No. 20-CV-80819 (S.D. Fla.); *Watts v. Boehringer Ingelheim Pharm., Inc.*, No. 20-CV-80823 (S.D. Fla.). Although the Removing Defendants deny that Plaintiff is entitled to any damages, like those cases, this case meets the requirements for federal diversity jurisdiction.

### III. All Other Removal Requirements Are Satisfied.

34. The Notice of Removal is timely and properly filed pursuant to 28 U.S.C. § 1446(b).

35. GlaxoSmithKline LLC and Walgreen Co. were served with the Complaint on June 29, 2022.

36. Sanofi-Aventis U.S. LLC, Boehringer Ingelheim Pharmaceuticals, Inc., Pfizer Inc., Walmart Inc., Rite Aid Corporation, CVS Pharmacy, Inc., and Albertsons Companies, Inc. were served with the Complaint on June 30, 2022.

37. The Kroger Co. was served with the Complaint on July 7, 2022.

38. Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

39. All of the Removing Defendants join in and consent to this removal.

40. Axminster is fraudulently joined and therefore are not required to join in the removal. *See United Computer Sys. Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).

41. The unidentified defendants Does 1-10 are not required to consent to removal. *See Hafiz v. Greenpoint Mortg. Funding*, 409 F. App'x 70, 72 (9th Cir. 2010) (nominal parties are not required to consent to removal).

42. The Central District of California is the federal judicial district encompassing the Superior Court of the State of California for the County of Los Angeles, where this suit was originally filed. Venue is therefore proper in this district under 28 U.S.C. §§ 84(c) and 1441(a).

43. The Removing Defendants are providing Plaintiff with written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

44. Pursuant to 28 U.S.C. § 1446(d), the Removing Defendants are filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

45. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action—as available from the state court

docket or otherwise made available to the Removing Defendants at the time of filing this Notice—are attached hereto as **Exhibit A**.

46. By filing this Notice of Removal, the Removing Defendants do not waive any defense that may be available to them and reserve all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction. If any question arises regarding the propriety of the removal to this Court, the Removing Defendants request the opportunity to present a brief oral argument in support of their position that this case has been properly removed.

47. No previous application has been made for the relief requested herein.

## CONCLUSION

WHEREFORE, the Removing Defendants give notice that the matter bearing Case No. 21STCV41533, pending in the Superior Court of California for the County of Los Angeles—Central District, is removed to the United States District Court for the Central District of California, and request that this Court retain jurisdiction for all further proceedings in this matter.

DATED: July 29, 2022

By: /s/ Alex Beroukhim
Alex Beroukhim (SBN 220722)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
alex.beroukhim@arnoldporter.com

Tommy Huynh (SBN 306222)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024

Telephone: (415) 471-3100
Facsimile: (415) 471-3400
tommy.huynh@arnoldporter.com

*Attorneys for Defendant Sanofi-Aventis U.S. LLC*

NOTICE OF REMOVAL