UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05296-SVW-PVC | Date | September 29, 2022 |
|---|---|---|---|
| Title | *Marina Golden v. Sanofi-Aventis U.S., LLC et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND [25] AND DENYING DEFENDANT'S MOTION TO STAY [19]

## I.   Introduction

Before the Court are: 1) a motion to stay the case pending transfer to an MDL court, Dkt 19; 2) a motion to remand the case to state court, Dkt 25; and 3) a motion for attorney's fees. *Id.* Plaintiff Marina Golden ("Plaintiff") brings this motion to remand against Defendants Sanofi-Aventis U.S. LLC, Boehringer Ingelheim Pharmaceuticals, Inc., GlaxoSmithKline LLC, Pfizer Inc., CVS Pharmacy, Inc., The Kroger Co., Walgreen Co., Walmart Inc., Albertsons Companies, Inc., and Rite Aid Corporation (collectively "Defendants"). *Id.* Defendants also bring a motion to stay the proceeding pending transfer to an MDL court against Plaintiff. Dkt 19. For the foregoing reasons, the Court GRANTS Plaintiff's motion for remand, and DENIES as moot Defendants' motion to stay and Plaintiff's request for attorney's fees.

## II.   Order of Analysis between the Motion to Remand and the Motion to Stay

Previously, this Court granted a motion to stay this case pending transfer to an MDL court. *See* Order Granting Mot. to Stay, *Golden v. Sanofi-Aventis U.S., LLC*, No. 2:21-03793 (C.D. Cal. July 29, 2021), ECF No. 31. Since that case was transferred to the MDL court, the MDL court permitted Plaintiff to voluntarily dismiss her case without prejudice. See Pretrial Order #72, *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 20-MD-2924 (S.D. Fla. Feb. 28, 2022), ECF No. 5348. Plaintiff did so, and then filed the instant action in state court. Defendants removed the case back to federal

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05296-SVW-PVC | Date | |
|---|---|---|---|
| Title | *Marina Golden v. Sanofi-Aventis U.S., LLC et al* | | |

court and filed a motion to stay the case and transfer it back to the MDL. Plaintiff filed the present motion to remand.

While the Court previously adopted the position of reserving the issue of remand to the MDL court, the Court finds that in this instance it is appropriate to decide the remand first and moot Defendants' motion to stay. Critical to the Court's determination is the MDL court's order permitting Plaintiff to voluntarily dismiss her case without prejudice. Plaintiff contends that the MDL court did so to permit Plaintiff to pursue her claim in another forum. By contrast, Defendants contend that Plaintiff mischaracterizes the MDL court's order and that if the MDL Court intended for Plaintiff to proceed with her claim, it would have requested that the JMPL remand the cases back to their transferor court.

Although the MDL's order is not clear, the Court is persuaded by Plaintiff's interpretation. Had the MDL court intended to keep the non-designated cancer claims for future filing, it could have stayed those cases. Instead, the MDL court gave the Plaintiff the option to dismiss without prejudice. Accordingly, the Court will decide Plaintiff's motion to remand first.

### III.     Motion for Remand
####         1) Legal Standard

Remand may be granted for a defect in the removal procedure or for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). A removing defendant bears the burden of proving that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the right of removal, courts must resolve that doubt in favor of remanding the action to state court. *Id.*

Removal to federal court on the basis of diversity jurisdiction despite the presence of a non-diverse defendant is proper only if that defendant is a fraudulently joined, or sham, defendant. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). For the second basis, if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. *Id.* (quoting *Hunter*,

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05296-SVW-PVC | Date | |
|---|---|---|---|
| Title | *Marina Golden v. Sanofi-Aventis U.S., LLC et al* | | |

582 F.3d at 1046) (emphasis in original).

There is a "general presumption against finding fraudulent joinder." *Id.* at 548 (internal citations and alterations omitted). Two additional guideposts emerge from this presumption. First, all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). Second, in determining whether there is any possibility that state law might impose liability on the defendant, the Court must consider whether deficiencies in the complaint could be cured by an amended pleading. *See Grancare*, 889 F.3d at 550.

2) Discussion

Here, Defendants contend that Defendant Axminster Medical Group, Inc. ("Axminster")[1] was fraudulently joined, because Plaintiff's claims fall outside of the applicable statute limitation. California Civil Procedure Code Section 340.5, states, in relevant part:

> In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first.

Cal. Civ. Proc. Code § 340.5. Thus, the statute of limitations begins to run either at the date of injury or when the plaintiff knew or should have known of the injury. Defendants contend that Plaintiff is barred by the statute of limitations because she was diagnosed with breast cancer in 2014, and filed this action seven years later – well over the statute of limitations.

Plaintiff responds that the statute of limitations does not apply because she did not learn of the cause of her injury until 2020, and the statute is tolled because of Axminster's alleged intentional

---

[1] Axminster is a California Corporation with a principal place of business located at 21311 Madrona Ave, Ste 101, Torrance, CA 90503. Compl. ¶ 57. Plaintiff is also a citizen of California. *Id.* at ¶ 5 Thus, the inclusion of Axminster as a defendant destroys complete diversity, unless it is determined that Axminster was fraudulently added.

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05296-SVW-PVC | Date | |
|---|---|---|---|
| Title | *Marina Golden v. Sanofi-Aventis U.S., LLC et al* | | |

concealment of the risks Zantac presented to the general public. The Court finds that these arguments are sufficient to defeat Defendants' fraudulent joinder argument.

Section 340.5 defines "injury" to include "a person's physical condition and its negligent cause." *Knowles v. Superior Ct.*, 118 Cal. App. 4th 1290, 1295, 13 Cal. Rptr. 3d 700, 703 (2004). Thus, the statute of limitations begins to run when a plaintiff has an actual suspicion that the injury was caused by wrongdoing or a reasonable person would have suspected the injury as caused by wrongdoing. *Kitzig v. Nordquist*, 81 Cal. App. 4th 1384, 1391, 97 Cal. Rptr. 2d 762 (2000).

The section further states: "In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person." Cal. Civ. Proc. Code § 340.5. These tolling provisions do not apply where the one-year statute of limitations is triggered. *Warren v. Schecter*, 57 Cal.App. 4th 1189, 1201 (1997) (noting that the one-year period cannot be tolled by fraud, concealment, or the presence of a foreign body).

Here, Plaintiff argues that even though she was aware of her cancer in 2014, she was not aware of the "negligent cause" of the injury until 2020, when Zantac was first recalled. Compl. ¶¶ 148-152. Plaintiff alleges that then she was unaware and could have discovered the link between Defendant's actions and her injuries. *Id* at ¶¶ 148-149. Thus, according to these allegations, the one-year statute of limitation was not triggered.

Moreover, Plaintiff has sufficiently alleged intentional concealment which would toll the three-year statute of limitations. In her complaint, Plaintiff alleges that Defendants were aware of the true risks of the cancer-causing qualities associated with ranitidine-containing drugs, including Zantac, but never disclosed those risks to the consuming public. *Id* at ¶¶ 148-152. Accepting these allegations and drawing all ambiguities in favor of Plaintiff, the Court is satisfied that it is *possible* for the statute of limitations to be tolled under the intentional concealment exception and for Plaintiff to bring her claim against Axminster. *See Carrillo v. Merck & Co.*, No. 821CV00530JLSADS, 2021 WL 3910730, at *3 (C.D. Cal. Sept. 1, 2021) ("Merck has not demonstrated that Carillo's medical malpractice claim is "obviously" time barred under California law. For example, a California court could find that Carillo's

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05296-SVW-PVC | Date | |
|---|---|---|---|
| Title | *Marina Golden v. Sanofi-Aventis U.S., LLC et al* | | |

medical malpractice claim is subject to equitable or fraudulent concealment tolling."). Accordingly, remand is warranted.

### IV. Attorney's Fees
#### 1) Legal Standard

Under 28 U.S.C. § 1447(c), Court has wide discretion to grant or deny attorney fees when remanding a case. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992); see 28 U.S.C. § 1447(c). Attorney fees should be denied when the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."). Moreover, for attorney fees to be awarded pursuant to § 1927 the Court must find subjective bad faith. *May v. Gladstone*, 562 F. Supp. 3d 709, 715 (C.D. Cal. 2021). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (quotations omitted).

#### 2) Discussion

In its discretion, the Court denies attorney's fees. Although the Court ultimately disagrees with Defendants, there is no evidence that its position was frivolous or unsupported by law. Moreover, the record does not establish that Defendants acted in bad faith or with an intent to harass the Plaintiffs or their counsel. Because the Plaintiffs have not persuaded the Court that the Defendants' effort to remove the case was either "objectively unreasonable" or vexatious, their request for attorney fees, must be, and is denied.

### V. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for remand and DENIES Defendant's motion to stay as moot and Plaintiff's request for attorney's fees. The case is remanded to the Superior Court of California.

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05296-SVW-PVC | Date | |
|---|---|---|---|
| Title | *Marina Golden v. Sanofi-Aventis U.S., LLC et al* | | |

**It is so ordered.**

                                                                                                                                                                                      :

Initials of Preparer       PMC